IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| XUAN LAN DANG | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TROY LEVI, WARDEN FDC - PHILA., | : | |
| et al. | : | NO.  07-4211 |

### REPORT AND RECOMMENDATION

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE                                                   November 8, 2007

Presently before this Court is a *pro se* Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. §2241, by a prisoner in federal custody awaiting trial in a pending criminal case: *United States of American v. Dang, et al.,* Case No. 06-cr-690-1.  The criminal case has been assigned to the Honorable J. Curtis Joyner.  Trial in the criminal case has been set for December 3 2007.  *Id.*: Docket Entry No. 166 (November 1, 2007 Minute Entry for Arraignment on superceding indictment).  In the interim, Petitioner is being housed at the Federal Detention Center in Philadelphia, Pennsylvania.

In his §2241 petition, Petitioner alleges that he is "being held in continuous unlawful detention by Respondents [ . . . ] in violation of the Constitution, Laws and Treaties of the United States, under a name which the Government knows is not that of the Petitioner's."  *Xuan Lan Dang v. Troy Levi, et al.,* Civil Action No. 07-4211, Habeas Petition [Docket Entry No. 1] at p.1.  Petitioner asserts that all government actions beginning with his November 16, 2006 arrest, his removal to this District, the posting of $20,000.00 for bail, and his continued detention are unlawful.  *Id.* at pp. 2-4.

Petitioner contends he is being detained and criminally prosecuted:

> upon a pretext of legal process, to wit: an invalid, un-officiated, un-true "Bill of Indictment" (Fed.Crim.No. 2:06-CR-00690-JCJ), un-signed by Grand Jury Foreperson, for one: "Lan Dang" et al., a name which the Government knows is not that of the Petitioner's (A FEMALE VIETNAMESE NAME), said Indictment having been fraudulently procured, to wit: by presenting false statements and fabricated evidence to the Federal Grand Jury, as a matter of fact, as a matter of record, and as a matter of law, in violation of the Constitution, Laws and Treaties of the United States.

*Id.* at pp. 3-4.

Petitioner argues that his current detention "absent any jurisdiction, authority, power or lawful process" violates "our fundamental Speedy Trial and Double Jeopardy protections," as well as Substantive Due Process. *Id.* at pp. 4-5.

Petitioner seeks the following relief from the habeas court:

(1) Assume jurisdiction "of this cause" and set a prompt hearing.
(2) Enter an Order directing the Respondents to "show cause, if they have, why a Writ of Habeas Corpus should no issue [sic]."
(3) Enter a temporary Stay of Proceedings in the federal criminal case pending disposition of this habeas case.
(4) Issue a habeas writ on the Respondents "in order to inquire into the legality of the Petitioner's detention."
(5) Issue an "ancillary writ of certiorari in order to cause the records to be brought up for review on this cause."
(6) Direct the Clerk of Courts to provide certified copies of the above-referenced records to Petitioner prior to any scheduled hearing on his habeas claims.
(7) Enter an "Order of Discharge, discharging the Petitioner from unlawful detention, for good cause shown herein or for further cause shown at a hearing on the merits."

*Id.* at p. 6.

28 U.S.C. §2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions. However, the petitioner must first exhaust his available remedies. All of

Petitioner's claims relate to his pending criminal prosecution. Where habeas claims raised by a pretrial detainee would be dispositive of the pending federal criminal charges, principles of federal court efficiency require that the petitioner exhaust those claims by presenting them at trial and then on direct appeal. *Moore v. United States,* 875 F.Supp. 620, 624 (D.Neb. 1994), *appeal dismissed*, 54 F.3d 782 (8th Cir. 1995)(table). *See Kotmair v. United States,* 143 F. Supp.2d 532, 534 (E.D. N.C. 2001)("Principles of judicial economy and efficiency weigh against allowing federal defendants to file separate habeas petitions where an appropriate remedy is available with the trial court.").

I conclude that §2241 relief is not available to Petitioner at this time and, therefore, make the following recommendation.

## RECOMMENDATION

Consistent with the above discussion, it is recommended that Petitioner's §2241 petition be DISMISSED WITHOUT PREJUDICE for failure to exhaust available remedies. It is further recommended a finding be made that there is no probable cause to issue a certificate of appealability.

Petitioner is advised that he may file objections to the Report and Recommendation. *See* Local Civil Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights in this habeas action.

BY THE COURT:

_S/M. FAITH ANGELL_____
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE